**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ALBERT AMOS-EL a/k/a CURTIS MCGINNIS, ) | | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | 1:06-cv-944-SEB-VSS | |
| ) | | |
| ANNA M. MULLIN, et al., ) | | |
| ) | | |
| Defendants. ) | | |

**Entry Discussing Amended Complaint and Dismissing Action**

The complaint has been considered for purposes of the screening required by 28 U.S.C. § 1915A(b). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). The plaintiff alleges that the court reporter at his trial in the Marion Superior Court mishandled the production of transcripts associated with his prosecution and trial. He was convicted and is now imprisoned for that matter. He alleges that because the transcript was incomplete he was unable to demonstrate in his direct appeal that the evidence warranted relief. He seeks damages and the production of an accurate transcript of his trial. His claim is asserted pursuant to 42 U.S.C. § 1983.

In *Heck v. Humphrey,* 512 U.S. 477(1994), the Supreme Court held that "a [section] 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

> *Heck* bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence. *Id.* at 486-87 [ ]. Should success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit. *Id.*

*Whiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004).

The plaintiff cannot proceed in this forum as he proposes. This is because Section 1983 may not be used to mount a collateral attack on his criminal conviction, for that would circumvent the requirement in the federal habeas corpus statute that a state prisoner exhaust his state remedies before turning to the federal courts. See 28 U.S.C. § 2254(b); *Preiser v. Rodriguez,* 411 U.S. 475 (1973); *Larsen v. Sielaff,* 702 F.2d 116 (7th Cir. 1983); *Hanson v. Heckel,* 791 F.2d 93 (7th Cir. 1986) (per curiam); *Crump v. Lane,* 807 F.2d 1394, 1400-02 (7th Cir. 1986). The plaintiff does not challenge his conviction or sentence directly; but as he wants an injunction under section 1983 solely in order to facilitate his attack on his conviction, together with damages for the assertedly wrongful handling of audiotapes, transcripts, and the maintenance or production of other records associated with court proceedings in the state prosecution against him, the suit is ancillary to his post-conviction proceeding. "[A] state prisoner's federal suit that is ancillary to a post-conviction proceeding, like the post-conviction attack itself under the federal habeas corpus statute, requires exhaustion of state remedies, since the ultimate--and only ultimate--aim is to shorten the length of imprisonment." *Scruggs v. Moellering,* 870 F.2d 376, 378 (7th Cir. 1989), *abrogated on other grounds, Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 432 n.3 (1993). Exhaustion has not been alleged here, and even if it had the court would not be free to treat a civil rights case as a challenge to the validity of conviction. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. Edgerton,* 96 F.3d 1038 (7th Cir. 1996). These principles are reaffirmed, though in a different context, in the Supreme Court's recent decision in *Muhammad v. Close,* 540 U.S. 749, 751 (2004) *(per curiam)* ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")(citing *Preiser* ).

The plaintiff could not prevail in this action without impugning the validity of his conviction. Because the plaintiff has alleged facts showing that he has no claim--"by going beyond the bare minimum, a plaintiff may plead h[im]self out of court," *Warzon v. Drew,* 60 F.3d 1234, 1239 (7th Cir. 1995)--the present lawsuit must be dismissed. The dismissal shall be without prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 07/14/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana